## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT COX,** | : | |
| **Petitioner,** | : | **CIV. A. NO. 3:09-cv-00268** |
| **v.** | : | **(KOSIK, D.J.)** |
| | | **(MANNION, M.J.)** |
| | : | |
| **COMMONWEALTH OF** | | |
| **PENNSYLVANIA** *et al.*, | : | |
| **Respondents.** | : | |

## REPORT AND RECOMMENDATION

In the instant action, the petitioner, incarcerated at Dauphin County Prison, in Pennsylvania, has brought a habeas corpus petition seeking an opportunity to contest a New Jersey state detainer. (Doc. No. 1.) rior to bringing this federal action petitioner brought a state habeas corpus action in the Common Pleas Court of Dauphin County. (Doc. No. 1 ex. A.) His county court filing was returned by the clerk's office for lack of a case number – the case number of his underlying state conviction. (Doc. No. 1 ex. B.)

On preliminary review, per 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1), and for the reasons elaborated below, the Court recommends that the suit be **DISMISSED** with prejudice.

## I.      ANALYSIS

A federal court will not grant a state prisoner's petition for a writ of habeas corpus unless available state court remedies on the federal claim have been exhausted. *See Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir.

2004) (citing 28 U.S.C. § 2254(b)(1); *Stevens v. Del. Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002)). The exhaustion requirement is satisfied only if the petitioner can show that he *fairly presented* the federal claim at each level of the established state court system for review. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002)).

"Fair presentation" of a claim means that the petitioner "must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Id.* (citing *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (citations omitted)). Here, the state court system has not rejected petitioner's claim, nor has it ruled on its merits. It has merely directed the petitioner to file additional administrative information so that his claim may be properly processed. If this Court were to allow petitioner to claim exhaustion on these facts, then any petitioner could bypass mandatory exhaustion merely by failing to make a procedurally complete state court filing. Such a result is clearly wrong.

## II.     CONCLUSION

For the reasons elaborated above, the Court recommends that the suit be **DISMISSED** with prejudice.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

DATE: February 13, 2009

O:\shared\REPORTS\2009 Reports\09-268-01.wpd